GRebn, J.
delivered the opinion of the court.
This suit was brought by McMurray against Stinson, for a cart and yoke of oxen. The facts are as follows:
McMurray filed his petition in the district court of the United States, in the month of June, 1842, to be discharged from his debts, and engagements, according to the provisions of the bankrupt law. In his list of debts, he set forth one due to one Hardy Goodwin. McMurray surrendered his property, and was regularly declared a bankrupt. But while the petition for discharge was pending, Goodwin sued before a justice of the peace, and obtained judgment against Mc-Murray. An execution came into the hands of Stinson, who was a constable, and he levied it on the cart and oxen in controversy, which had been acquired by McMurray after his petition in bankruptcy was filed.
McMurray filed a petition in the Federal Court, setting forth these facts; whereupon an injunction was ordered, and was issued and served on the constable; but he disregarded the injunction, and sold the property, and this suit is brought to recover its value.
The court charged the jury, that if they believed the injunction had been read to the defendant before he sold the property, their verdict should be for the plaintiff.
The jury found for the plaintiff. The court refused a new trial, and the defendant appealed in error to this court.
*340 We think his honor charged the law correctly. Most assuredly the district court, before whom the proceedings in bankruptcy were pending, had the power to enjoin the enforcement of any of the debts of the bankrupt in any other tribunal. The injunction took from the constable all right to proceed with the execution, and it follows that his subsequent sale in disregard of it, was illegal.
The execution could not protect him in an act which the injunction issued by competent authority forbade him to do.
Affirm the judgment.